Caruthers, J.,
delivered the opinion of the Court,
This was an action on the case, for fraud in the sale of a slave. The plaintiff declares that the defendant “falsely and deceitfully represented the said slave to be sound except one hip, and a good house *435 servant; whereas, in. truth, one of her arms had been broken, or out of place, and she was otherwise unsound and disordered, and had a dangerous and violent temper and disposition; was ungovernable, lazy, and totally unfit for a house servant — all of which was well known to the defendant ” A bill of sale in the ordinary form, with covenants of title and warranty was executed. But this suit is not brought upon that, but upon the ground of fraud in the sale in the -suppression of the known fact that the slave had a defect in one of her arms, and various vices in habit and disposition. The proof shows that the arm of the slave had been injured by fracture or dislocation, and that it lessened her value, and that the fact was kndwn to defendant; but it conflicts upon the extent of injury, and whether the defect was known to the plaintiff. The infirmities of temper and habit are also proved. The Circuit Judge charged, “that as to the arm the plaintiff had a warranty under seal and must sue on that, and could not recover for any unsoundness in this form of action'”
2. “ That a man was not liable for mere praise or commendation of his property, and that if they believed everything the plaintiff had proved, he could not recover.”
This last proposition is certainly well sustained by authority. The proof showed that the defendant, at the time of the sale, spoke in high praise of the girl as a house servant and field hand, except for plough-ing,' &c. Whether this were true or false, would not affect the' sale, or render the vendor liable to an action. However censurable this may be in morals, if *436 false, it is not a ground of action in law, unless the purchase is made in reference specially to such particular qualities, as it falls under the head of “ ordinary praise and commendation,” spoken of in the books. Neither is a vendor bound to disclose moral defects or vicious habits, though they may be known to him, unless the contract is made specially with a view to such qualities.—4 Hum., 398.
But the main question is upon the first proposition in the charge. The proof shows that the defendant affirmed at the sale that the slave was sound except some injury in the hip, find the fact of an injury to the arm was not disclosed, though well known to him. The Judge charges the law to be, that for this fraud in the suppression of the fact, no action can be brought except upon the warranty of soundness in the bill of sale, as it is covered thereby. In this, we think his Honor erred. We think the law is well settled, that for the concealment of substantial defects in the property, although covered by the warranty, which are known to the vendor and not to the ven-dee, an action on the case for the fraud, or an action of covenant on the warranty, may be brought at the election of the party injured.—Williams vs. Hurt, 2 Hum., 68; Allen vs. Anderson, 3 Hum., 581.—Thornton vs. Winn, 12 Wheaton, 183, 17 Wendell, 195. But, according to these authorities, to authorize this action where there is a warranty covering the defect, the property must be returned or tendered to the vendor in a reasonable time. The rule of damages would be different in the two forms of action, and so would the measure of proof. Knowledge of the defect would be *437 necessary in case, but not in covenant. The former is founded on the fraud, and the latter on the contract. In this case, the sale was made in November, 1854, and on the payment of a part of the money the next January, a deduction was claimed on account of the arm, which the defendant refused, and alleged that the fact in relation to that defect was fully disclosed to the plaintiff at the time of the sale, and this he did not deny, but remained silent. He then paid up $300 of the $390, which he had agreed to pay for the slave. No return of the slave was then, or at any other time, made, or offered to be made. The proper legal steps were not therefore taken to cancel or annul this trade, so as to authorize an action on the case for the alleged fraud.
The result then is, that although there was an error of law on this point, in the charge of the Court, yet no injury accrued to the defendant thereby, as the facts proved in the case would not have authorized a recovery upon a correct charge. We do not reverse for errors not affecting the merits of the case made out, when we can see that the whole case is presented.
The judgment then is right, and will be affirmed.